MAYER, APPELLANT, *v.* SWEENEY, RESPONDENT.

[No. 1293.]

[Submitted January 16, 1899.  Decided January 23, 1899.]

*Municipal Officer—Qualifications—Taxpaying Freeholder.*

Under Political Code, Sec. 4749, which requires the mayor of a city to be a "taxpaying freeholder," a person who, at the time of his election, owned and paid taxes on personalty, and owned realty on which he was not liable for taxes for that year because acquired since the date of assessment, is eligible.

*Appeal from District Court, Cascade County;  Dudley Du Bose, Judge.*

PROCEEDINGS by Isaac Mayer to contest the title of David Sweeney to the office of mayor of the town of Neihart.  Judgment for contestee, and contestant appeals.  Affirmed.

*Lyter & Gormley,* for Appellant.

*Stanton & Stanton,* for Respondent.

**PIGOTT, J.**—At a municipal election held in Neihart on April 4, 1898, David Sweeney received a majority of the votes cast for mayor of that town, and a certificate of election was issued.  The contestant then instituted proceedings under Section 2010 of the Code of Civil Procedure, to contest the title of Sweeney to that office.  The court found the issues in favor of the contestee, Sweeney, and adjudged that he was lawfully entitled to the office.  Contestant appeals.

The statement of contest contains the averment that Sweeney "has no right to said office, and is ineligible to the same, for the reason that he was not at the time of said election, nor is he now, a taxpaying freeholder, within the limits of said town of Neihart."  Of this allegation denial was made; and, upon the issue thus framed, the court, after hearing evidence, found that Sweeney was not the owner of any freehold in Neihart in 1898 prior to March 19th of that year, on which

day he acquired title to a lot of land therein; that he had paid no taxes, and was not subject to taxes, on any real estate for 1898; that in 1897 he owned, and paid taxes on, real and personal property situate in Neihart; and that on the first Monday of March, 1898, he was, and continued to be, the owner of personal property in Neihart, duly assessed and listed to him.

The single question presented is whether or not on April 4, 1898, Sweeney was "a taxpaying freeholder," within the meaning of Section 4749 of the Political Code, which provides: "No person shall be eligible to the office of mayor unless he shall be at least twenty-five years old and a taxpaying freeholder within the limits of the city and a resident of the state for at least three years, and a resident of the city for which he may be elected mayor two years next preceding his election to said office, and shall reside in the city or town for which he shall be elected mayor during his term of office."

Property is assessed to the person owning it on the first Monday of March in each year, and the taxes on real estate are due and payable in the December following; and appellant contends that the phrase "taxpaying freeholder within the limits of the city" or town, must be interpreted to mean a freeholder who is subject to the payment of taxes on his freehold at the time of his election to the office of mayor,—in other words, that the mayor, when elected, must own, and have owned on the first Monday of March preceding his election, an estate of inheritance or for life within the limits of the town, so as to be a taxpayer upon that freehold, and that since Sweeney did not acquire the real estate mentioned until March 19, 1898, he was not subject to taxation on that property on the first Monday of March, and that hence he was ineligible. Respondent, on the contrary, maintains that if, at the time of his election, he owned a freehold within the limits of Neihart, and was subject to taxes upon property, either real or personal, situate in that town, he was eligible, under Section 4749.

The facts are undisputed. As has been said, Sweeney was

a freeholder and a taxpayer on personal property, which personal property, as well as the freehold, was situate in Neihart; but on the first Monday of March he was not a freeholder, although he paid taxes the year preceding upon personal property within the limits of the town, and on the first Monday of March, 1898, owned personal property in Neihart, assessed to him.

Necessity of inquiring whether the liability of Sweeney to a tax other than that assessed upon real or personal property (for example, a poll tax) would be a requisite to his eligibility, is obviated by the finding that he was at the time of his election a payer of taxes upon chattels; and for the purposes of this case we assume, but do not decide, that unless he was, when elected, subject to the payment of taxes on property situate in Neihart, he was ineligible.

The Legislature doubtless intended to prescribe such requisites for eligibility to mayoralty as would tend to prevent those having no substantial interest in the well-being and prosperity of a municipality from holding its chief executive office, and, to that end, provided that the mayor must be at least 25 years of age, a resident of the State for not less than three years and of the city for two years immediately prior to his election, and that he must, while mayor, reside in the town; and, also, that he must be "a taxpaying freeholder within the limits of the city" or town. When the meaning of the phrase quoted shall have been ascertained, the question in this case is solved. "Taxpaying freeholder within the limits of the city" or town, does not mean that the taxpayer must reside within the municipality, for another portion of the section makes such residence for two years essential to eligibility. The phrase must be interpreted, therefore, to mean either that the mayor must, at the time of his election, own a freehold within the limits of the town, for the payment of taxes whereon he is liable, or that he must, when elected, be the owner of a freehold situate in the town, who pays taxes, or is liable to the payment of taxes, upon property the *situs* of which is in the town.

The design of the Legislature is to be found in the language employed to give expression to its will; and while the phrase under consideration is not wholly free from ambiguity and uncertainty, and may be susceptible of two interpretations, yet the intention is reasonably manifest. It seems quite evident that the words "a taxpaying freeholder" signify a freeholder who pays taxes, and that "a taxpaying freeholder within the limits" of the town, clearly signify the owner of a freehold situate in the municipality, who is liable to the payment of a tax, which, as assumed for the present purposes, must be upon property lying within the limits of the town.

We are of the opinion that, in the expression "taxpaying freeholder," the word "taxpaying" is used to distinguish between a freeholder who is liable for the payment of taxes and one who is not, and that it qualifies "freeholder." The intent is to describe a freeholder who is also a taxpayer; and we think that the phrase "a taxpaying freeholder within the limits" of the town does not contain the implication that a person, to be eligible, must pay, or be liable for, the taxes on a freehold within the town; nor are we authorized to read the words as if they were written "a taxpayer on a freehold owned by him in the town." We may not say that the phrase quoted is so limited in its meaning as to include a person paying, or liable for the payment of, taxes on one class of property only, to the exclusion of another. The meaning sought by contestant to be attached to the language of the section is somewhat strained, and is in disregard of grammatical construction. It is for the legislative department, not for the courts, to declare that he who pays taxes, no matter how small in amount they may be, on lands only, has thereby a stronger motive to advance the cause of good government, and greater fitness for an office, than has a freeholder who contributes to the support of the municipality by the payment of taxes assessed on personalty only. The District Court found that the contestee, at the time of his election, owned a freehold lying in Neihart, and was at that time subject to the payment of a tax on personal property therein situate, and this satisfies the require-

ment of the statute that the mayor must be a taxpaying freeholder, within the limits of the town.

The suggestion that the construction placed upon Section 4749, *supra*, by the court below, would permit the merely nominal acquisition of a freehold by a candidate for mayor, with an understanding that the paper title thereto would be reconveyed by him after election, so as to give color of eligibility, needs no comment.   Such a condition is not presented here, and therefore consideration of the possible question as to whether that circumstance would be deemed an unsuccessful attempt to evade the statute is not involved.

The judgment of the District Court of Cascade County is therefore affirmed.   Let remittitur issue forthwith.

*Affirmed.*

BRANTLY, C. J., and HUNT, J., concur.