[No. 7937.]

McCall et al. v. Pearce, Secretary of State.

Elections—*Contesting Nomination*—One proposing to contest a nomination made by petition, must pursue the statute (Laws 1910, c. 4, sec. 44). Petitioners' certificate of nomination was rejected by the secretary of state on the 6th of September. No petition of contest was presented until the 17th of October, and no verified copy of the petition of contest was served on the respondent at any time. Held that the petitioners' rights were foreclosed by their laches.

*Review of Proceedings in Denver District Court*—Hon. Greeley W. Whitford, Judge.

Messrs. Stuart & Murray, Mr. E. M. Sabin and Mr. H. Riddell, for petitioners.

Hon. Benjamin Griffith, attorney general, Mr. Philip W. Mothersill, assistant attorney general, for respondent.

Mr. Justice White delivered the opinion of the court:

October 17, 1912, Charles McCall and Roy H. Blackman filed a petition in the district court of the First judicial district in the county of Jefferson, wherein James B. Pearce, secre-

tary of state of the state of Colorado, is named as respondent. The petition alleges, substantially, that petitioners are qualified electors and residents within the first judicial district; that respondent is the qualified and acting secretary of state; that petitioners were nominated by petition, as required by law, the former for district judge and the latter for district attorney, to be voted for as such officers within and for said first judicial district, at the general election to be held in November, 1912, under the designation "Progressive party;" that such petition, so prepared, was, on the morning of September 6, 1912, presented to the secretary of state in his office for filing, as provided by law; that subsequently thereto, on the same morning, another petition, wherein W. S. McGintie was nominated as a candidate for district judge, and A. C. Pattee for district attorney, to be voted for under the designation "Progressive party," within and for the first judicial district, was also presented at the office, and to the secretary of state for filing; that thereafter on said day the respondent declined and refused to file the petition nominating McCall and Blackman for the alleged reason that they had accepted the assembly nomination of a regular political party; but accepted and filed the petition wherein McGintie and Pattee were nominated. The petition then asks the court to cause the respondent to expunge and strike from the files of his office the McGintie-Pattee petition of nomination, and that he be prevented from certifying the names of such nominees, or those substituted therefor, to the county clerks as candidates for such offices respectively, and that he accept and file the petition nominating McCall and Blackman, and certify their names to the respective county clerks to be printed on the official ballots, as provided by law, as candidates for the respective offices, to be voted for under the designation "Progressive party."

An order of court in the nature of an alternative writ of mandamus was thereupon issued and served upon respondent, requiring him to do and perform the things requested in the petition and writ, or that he appear before the court on the

next day at a designated hour and show cause why he should not comply with such order. At the designated hour respondent appeared in court and filed a motion for change of venue, which was confessed and the cause transferred to the district court of the second judicial district within the city and county of Denver. Thereupon respondent filed a demurrer upon the ground that on facts were stated sufficient to constitute a cause of action against him. The demurrer was sustained, and petitioners, declining to plead further, judgment was entered accordingly.

October 24, 1912, McCall and Blackman appeared in this court and filed their petition for review, wherein they challenge the correctness of the ruling of the district court in the premises, and ask that we summarily review and dispose of the controversy.

We think the rights of petitioners must be measured by, and determined under the provisions of section 44 of chapter 4 of the session laws of 1910, pp. 15-42. The section provides, *inter alia*, that contests arising out of the placing in nomination by petition of a candidate, or the failure to file any such petition, or place any such candidate in nomination by any person, official, board or convention in violation of any of the provisions of the act under which the parties hereto were nominated, shall be summarily adjudicated by the county or district court sitting within or for the political sub-division within or from which any such petition is to be filed, or any such nomination is to be made, "subject only to the summary appellate jurisdiction of the supreme court of the state by writ of error."

Without undertaking to determine what is meant therein by the words "the summary appellate jurisdiction of the supreme court of the state by writ of error," and as to whether or not the case is properly here for review, we will, nevertheless, determine the controversy. The section requires that the procedure shall be by petition to the proper court, setting forth the grounds of complaint, and in case of any contest, the con-

testee shall be made respondent; that the petition be verified and a copy thereof served on the respondent or respondents therein named within five days after the occurrence of the ground of complaint, requiring such respondent or respondents to answer thereto under oath within five days after such service. After making provision for the service of such petition, the section requires the court, upon the expiration of the time for answer, to forthwith set the same for trial upon the merits thereof, and summarily adjudicate the same. The ground of complaint of petitioners was the failure and refusal of respondent to file the petition wherein and by which they were nominated. No suit was brought or petition presented to any court until the 17th day of October, and no verified copy of such petition served upon the respondent, as required by the section. Petitioners having failed to exercise diligence, and their rights having been foreclosed by the lapse of time, cannot now be heard to complain. The judgment is, therefore, affirmed.                              *Judgment affirmed...*

Decision *en banc.*

Chief Justice Campbell, Mr. Justice Musser and Mr. Justice Garrigues not participating.