No. 13,618.

CRUSE *v.* RICHARDS.
(37 P. [2d] 382)

Decided October 15, 1934.

Mr. JEAN S. BREITENSTEIN, Mr. JOHN G. REID, for plaintiff in error.

Mr. A. D. QUAINTANCE, Mr. E. B. EVANS, for defendant in error.

486

*En Banc.*

Per Curiam.

This is an election contest arising out of the primary election of Tuesday, September 11, 1934, and is governed by Compiled Laws, 1921, section 7574. The contestor, who is plaintiff in error, and the contestee, who is defendant in error, both aspired to be the Democratic candidate for county commissioner in Jefferson county. On the face of the primary returns the contestee was nominated by a vote of 1,814 as against 1,812 for his opponent. The contestor instituted this contest proceeding by filing his petition in the district court on Saturday, September 15. A summons was forthwith issued and placed in the hands of a deputy sheriff for service. He promptly went to the contestee's home in Golden, and learned from the wife of the contestee that her husband, who is a Colorado and Southern Railway fireman and engineer running between Denver and Como, had gone to Como on his regular run and would return the following day, Sunday, which he did. No effort was made to get service upon the contestee on Sunday. He was served on Monday, and the summons appears in the record with the sheriff's return to that effect.

A motion to dismiss the proceedings was filed by the contestee on the ground that the court had no jurisdiction because service was not had until September 17, one day later than permitted by the aforesaid section. A demurrer was filed on a similar ground, as well as on the ground of insufficient facts to constitute a cause of action. The trial court sustained both the motion and the demurrer. A judgment of dismissal was entered, and this judgment is before us under that part of the aforesaid section which confers upon us "summary appellate jurisdiction."

1. It is conceded by the contestor that calculations of time in statutory contest proceedings are not

entitled to the benefit of the liberal rule adopted by our Code of Civil Procedure for actions and proceedings brought under the Code. (Code 1921, §417. Compare *Vailes v. Brown*, 16 Colo. 462, 465, 27 Pac. 945, 946.) But the contestor endeavors to avert an adverse result in the present instance by invoking that part of the above mentioned section 7574, C. L. 1921, page 1946, which says: "* * * If personal service of such petition can not be procured in the state on such respondent, then service thereof may be made by leaving a copy of such petition within such time with the clerk of the court having original jurisdiction of any such controversy or contest, and such clerk shall thereupon make diligent inquiry and endeavor to procure such respondent to make answer to said complaint as aforesaid * * *." Copies of the summons and of the petition, or statement of the grounds of complaint, were handed to the clerk in ostensible compliance with the foregoing. Under the facts herein, however, this provision clearly does not apply. The motion to dismiss was therefore properly sustained by the trial court, unless the contestee has waived his objections to the defective service.

2. This brings us to the final contention advanced by the contestor. It is argued that, even if service were held not to have been in conformity with the statute, such defect will not avail the contestee, for the alleged reason that he has waived such objection by his general appearance when filing his demurrer. We do not think so. A primary-election contest naturally involves questions that clamor for early decision because of the short time remaining before the general election. The publication of lists of nominations and the preparation of sample ballots are important and pressing matters. The legislature has obviously set up a summary procedure with this emergency situation in mind. Court delays may well be avoided in this class of cases by presenting all proper defenses at the same time, so as to promote a speedy determination. We hold that the contestee did

488

not waive any objection to the defective service of the summons by filing his demurrer simultaneously with his motion to dismiss.

 3. While the case was properly disposed of by sustaining the contestee's motion to dismiss, and the ruling of the trial court in sustaining the contestee's demurrer might therefore be deemed not absolutely necessary for us to consider, it is desirable to say that the demurrer was properly sustained. In a contest proceeding it is always necessary to allege facts which will enable the court to determine that a different result would follow in the vote by reason of such alleged facts. In the present case the allegations include one to the effect that certain specified persons who were allowed to vote are not qualified electors. But there is no allegation as to how, if at all, any of those persons voted on the office of county commissioner. Mere general conclusions are given; for instance, that, if the alleged illegal votes had not been received and counted, it would be sufficient to change the result of the election, and the contestor would be elected on the face of the returns, and that, if such illegal votes are deducted, the result will be that the contestor has received a majority of the votes and is entitled to be the Democratic candidate for the office in question.

 The contestor asks that the ballot box be reopened and a recount had. The court cannot reasonably say from such allegations that the result of the vote would probably be different, even if the allegations of the contestor should be true. Courts cannot properly embark on a mere fishing expedition by opening up ballot boxes when there is an utter lack of specific allegations as to the distribution of the votes. Nor is there any charge or suggestion of fraud or other irregularity against the contestee. It thus appears that the petition does not state facts sufficient to constitute a cause of action, hence the demurrer interposed to it was properly sustained.

For the reasons above stated, the rulings complained of are right.

Judgment affirmed.

Mr. Chief Justice Adams and Mr. Justice Holland not participating.