SNYDER, Respondent, *v.* BOULWARE, Appellant.

(No. 7,960.)

(Submitted November 7, 1939.   Decided December 6, 1939.)

[96 Pac. (2d) 913.]

428

*Mr. Philip Duncan, Mr. H. L. Maury* and *Mr. A. G. Shone,* for Appellant, submitted a brief; *Mr. Maury* argued the cause orally.

*Mr. S. C. Ford* and *Mr. Sam D. Goza, Jr.,* for Respondent, submitted a brief; *Mr. Ford* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

The election of W. F. Boulware as county commissioner for commissioner district No. 2 of Jefferson county is contested in this action by Charles A. Snyder on the ground that Boulware had not, at the time he became a candidate, been a resident of the district for two years just prior to becoming a candidate as required by subdivision 5 of section 4, Article XVI of the Constitution. Boulware's qualification to hold the office is the

only question involved, but the conclusion of that question involves the consideration of a number of others.

On June 18, 1938, Boulware, hereinafter referred to as the contestee, filed his petition as a candidate for the nomination. July 19, 1938, the primary election was held, and after the votes were canvassed the contestee was declared to be the nominee of his party, and thereafter his name was made to appear upon the official ballot at the general election November 8, 1938, and at such election he received the highest number of votes, was declared elected and received his certificate of election from the canvassing board of the county.

December 13, 1938, the contestant Snyder filed his petition in the fifth judicial district, contesting the election. The petition prays that the court find that the contestee was not duly elected and that the election be held void. An order was made directing the contestee to appear and plead to the petition. He appeared by motion to quash and by demurrer. Both the motion and the demurrer put in issue the sufficiency of the petition and the capacity of the contestant to prosecute the action. The motion was denied and the demurrer overruled.

The answer alleged that the contestant, not being a qualified elector of Jefferson county, was not competent to maintain the action, and denied that the contestee was not qualified to serve as commissioner of district No. 2. A separate defense, grounded on the statute of limitations, section 10805, Revised Codes, was set up.

The matter came on for hearing December 26, 1938. Contestee's objection to the introduction of any evidence on the ground that the petition did not state a cause of action was overruled. A number of witnesses was called and testified for both parties, and certain documentary evidence was received. The court took the matter under advisement and on December 30 made its findings of fact and conclusions of law, and made and entered its decree by which contestee's election was held void. It was further held that a vacancy would occur in the office of commissioner of district No. 2, Jefferson county, on the first Monday in January, 1939. Contestant was allowed at-

torney's fees of $150 and his costs. The matter comes here on appeal from the judgment.

Eight specifications of error are assigned, but in our opinion to determine whether the judgment of the trial court be affirmed or reversed, we have to determine three questions only: First, Was the action barred by section 10805, Revised Codes; second, Was contestant a proper party to bring the action; and, third, Was the contestee qualified on the point of residence in the district to hold the office?

First: It appears to be contestee's position that the action is barred by the provisions of section 10805, Revised Codes, for the reason that the contest was not begun within 40 days after the primary election. The pertinent part of section 10805 provides: "Any action to contest the right of any person declared elected to an office, or to annul and set aside such election, or to remove from or deprive any person of an office of which he is the incumbent, for any offense mentioned in this Act, must, unless a different time be stated, be commenced within forty days after the return day of the election at which such offense was committed, * * * ."

We are of the opinion that this section does not apply here in any particular, for the reason that the word "offense" as generally used in statutes, and as it is obviously used in section 10805, is synonymous with the word "crime" (see 4 Words & Phrases, Fifth Series, Offense, page 328, secs. 11618 and 12302, Rev. Codes; and *State ex rel. Marquette* v. *Police Court,* 86 Mont. 297, 283 Pac. 430), and there is no element of crime involved in the action at bar, but merely the failure to show that contestee resided in district 2 for two years prior to becoming a candidate for the office.

Second: It is contended that contestant was not a qualified elector in Jefferson county, and, therefore, could not bring this action. It is further contended that any action to have the contestee's election declared void should have been brought under the statutes relating to quo warranto.

The evidence shows that the contestant had been a resident of Jefferson county for 25 years; that he was registered as a

qualified elector in precinct 4, which is in commissioner district 2, and that he voted in precinct 4 at the general election November 8, 1938, and the court's finding was in accord with such evidence. The contestant was, therefore, qualified to bring the action.

The law applicable is found in section 10810, Revised Codes, which provides in part: "Any elector of the state, or of any political or municipal division thereof, may contest the right of any person to any nomination or office for which such elector has the right to vote, * * * ." In the following cases the contestant was merely an elector, the same as the contestant in the action at bar. *Curry* v. *McCaffery*, 47 Mont. 191, 131 Pac. 673; *Mayer* v. *Sweeney*, 22 Mont. 103, 55 Pac. 913; *Dowty* v. *Pittwood*, 23 Mont. 113, 57 Pac. 727. Contestant's qualification was not raised in any of those cases, but it was obviously conceded.

As to the question that the action should have been by quo warranto: Quo warranto may be brought, "1. Against a person who usurps, intrudes into, or unlawfully holds or exercises, a public office, civil or military, * * * ." (Sec. 9576, Rev. Codes; *State ex rel. Casey* v. *Brewer*, 107 Mont. 550, 88 Pac. (2d) 49.) Contestee had not assumed office, hence, he had not usurped, intruded into, unlawfully held or exercised any office. The action was properly brought under section 10810, supra.

Third: Had contestee resided in commissioner district 2 for two years immediately prior to the date that he became a candidate for the office? It is not necessary to determine in this case when the contestee became a candidate. Having determined that the contestee had not resided in district 2 for two years immediately prior to the election of November 8, 1938, when he became a candidate is immaterial.

Section 4, Article XVI of our state Constitution, in providing for the election of county commissioners, provides: "That no one shall be elected as a member of said board, who has not resided in said district for at least two years next preceding the time when he shall become a candidate for said office."

The word "reside" may have a different meaning according to the connection in which the word is used. (54 C. J. 702.) As used in section 4, Article XVI, the word signifies the place where the candidate has actually lived and maintained a home and where he was personally present. This follows from the purpose of the provision.

The object to be accomplished by that section was to disqualify those who were not familiar with the needs of the particular section of the county. To accomplish the purpose of the section, the word "resided" must be held to mean an actual living in the district. The trial court found that "between, on or about the 10th day of June, 1936, and the 14th day of November, 1936, the said W. F. Boulware resided in precinct No. 5 of Jefferson county, and that said precinct No. 5 was not and is not within the boundaries of commissioner district 2."

One's intention to locate at a particular place does not become effective to establish his residence there until he is physically present at such place. 17 American Jurisprudence, section 19, page 603, says in part: "To acquire a domicile of choice in a place, a person must be physically present there, and the residence at the place chosen must be actual." There is no claim that contestee actually lived in Whitehall before November 14, 1936. His claim is that he announced the intention of making Whitehall his residence as early as March, 1936, and took steps looking to the purchase of a home there at that time. If one leaves his place of residence with the intention of making his home in another place, he is, while *in itinere* from the old to the new, a resident of the place he had left, and remains so until he reaches the new abode. (*Reynolds* v. *Lloyd Cotton Mills,* 177 N. C. 412, 99 S. E. 240, 5 A. L. R. 284; *Rudolph* v. *Wetherington's Admr.,* 180 Ky. 271, 202 S. W. 652; *Colorado* v. *Harbeck,* 189 App. Div. 865, 179 N. Y. Supp. 510.)

The contestee's intention to locate in Whitehall as early as Saint Patrick's Day in March, 1935, is made quite clear. But under all the authorities, in order to abandon a residence and acquire a new one, the intention must be combined with the

act, and there was no clear act on the part of the contestee to locate at Whitehall until November 14, 1936, which was five days short of a two-year period prior to his election. Not having resided in the district two years prior to his election, it necessarily follows that he had not resided there two years prior to becoming a candidate.

In addition to the contestee's own admissions on the witness stand, the testimony shows that the light meter in his residence at Corbin was not disconnected until November 14, 1936, and at that time the meterman testified contestee was loading his furniture with the obvious purpose of moving. And the testimony is also clear that he moved into the residence which he had purchased at Whitehall immediately after the tenant who had theretofore occupied the premises had moved out, and contestee paid his first monthly water bill for use in his residence at Whitehall for the month of December, 1936.

Under no possible construction of section 4, Article XVI, was contestee qualified at the time he became a candidate for the office. The question whether he became a candidate the moment he filed for the nomination or the moment that he received the nomination is not involved here, since he did not reside in district No. 2 until November 14, 1936.

The judgment is affirmed.

MR. CHIEF JUSTICE JOHNSON and ASSOCIATE JUSTICES ANGSTMAN, ARNOLD and ERICKSON concur.