No. 18,099.

ALBIN ANDERSON, JR. *v.* VANCE O. KILMER, ET AL.

(302 P. [2d] 185)

Decided October 8, 1956.

Mr. ALBIN ANDERSON, JR., Pro Se.

Mr. VANCE O. KILMER, Pro Se, and Messrs. FAIRLAMB, FAIRLAMB & CALHOUN for defendant in error Kilmer

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

VANCE O. KILMER petitioned the district court for an order requiring election officials to delete from the primary election ballot the name of Albin Anderson, Jr., plaintiff in error, as a designated candidate on the Republican ticket for the nomination of that party for office of District Attorney for the Seventh Judicial District. The trial court entered judgment in favor of petitioner and ordered that the name of plaintiff in error be stricken from the ballots, as prayed for. Plaintiff in error brings the cause to this Court by writ of error for review of that judgment.

As grounds for reversal plaintiff in error argues: (1) That the district court erred in taking jurisdiction over the subject matter of the petition; (2) that the trial court erred in construing the statute which requires that a person shall be affiliated for one year with the party in which he seeks to become a candidate for public office; (3) that the trial court disposed of the petition on the theory that it was covered by C.R.S. 1953 49-4-28 instead of 49-4-46 and by reason thereof error was committed to the prejudice of plaintiff in error; (4) that the district court erred in ordering that the name of plaintiff in error be stricken from the ballots "by blocking out, by printing, or by striking out with a colored pencil," as being in violation of that portion of C.R.S. 1953 49-4-10 which reads: "There shall be no other printing or distinguishing marks on the ballot except as in this article specifically provided"; and (5) that the trial court erred in disenfranchising voters casting absentee ballots.

At the time of the trial court's order about seventy-five absentee ballots had been mailed out from counties

within the district. The trial court ordered the county clerks, "not to certify any votes cast by absentee ballots in said primary election for the said Albin Anderson, Jr." The order and judgment of the trial court included the following:

"That the name of Albin Anderson, Jr., should be and hereby is ordered to be omitted from the unprinted official primary ballots in and for the Counties of Mesa, Delta, Montrose, Gunnison, San Miguel, Ouray and Hinsdale, and that the name of said Albin Anderson, Jr., should be, and hereby is, ordered to be deleted from the official Republican primary ballots of said counties by blocking out, by printing, or by striking out with a colored pencil by the said Annie M. Dunston, O. A. Ehrgott, E. W. Hubert, Charles C. Carriere, Eva K. Moule, Jean M. Vickers and Ethel A. Sisson, that the said county clerks and recorders be, and hereby are, ordered and directed not to certify any votes cast by absentee ballots in said primary election for the said Albin Anderson, Jr." C.R.S. 1953, 49-4-4, provides in part:

"No person shall be eligible for designation as a candidate for office on any direct primary ballot by any such assembly unless such person shall have been affiliated with the political party holding such assembly for a period of not less than one year prior to the date of such assembly, nor unless such affiliation should have been shown by the registration books of the county clerk and recorded or the election commission as the case may be, for a period of one year prior to the date of such assembly."

The primary election was held September 11, 1956, and plaintiff in error was first registered as a Republican in the books of the county clerk and recorder of Mesa county on April 29, 1956. He argues that he had been affiliated with the Republican party for more than one year prior to September 11, 1956, and that because of this association with the party he was eligible for

designation as a candidate, notwithstanding the fact that he was not shown as a Republican voter by registration until five months prior to the date of the primary election. He further contends that we should construe the word "nor" to mean "or" in that portion of the statute which reads: "Nor unless such affilation shall have been shown by the registration books * * *." We find no merit in this argument.

Provisions of C.R.S. 1953, 49-4-28 pertinent to other points urged by plaintiff in error are as follows:

"Whenever it shall appear by verified petition to any district court * * * that the name of any person has been or is about to be wrongfully placed upon such ballots [primary election ballots] * * * such court shall forthwith, by order, require the officer or person charged with the error, wrongful act or neglect, to forthwith correct the error, desist from the wrongful act, or perform the duty, and to do as the court shall order, or to show cause forthwith * * *."

The contention of plaintiff in error is that the above section is not applicable and that procedures should have been conducted under C.R.S. 1953 49-4-6, which reads in part:

"All election contests arising out of any direct primary election or the placing in nomination by petition or any such candidate or the failure to file any such petition or place any such candidate in nomination, by any person, officials, board or convention in violation of any of the provisions of this article, shall be summarily adjudicated by the county or district court * * *."

All the procedures prescribed by this section of the statute deal with contests arising subsequent to the holding of a primary election, and are not applicable to controversies over the right to appear on the ballot as a designee of a political party for nomination as the candidate of that party for any particular office.

The section of the statute last quoted contains the following statement:

"In all cases involving petitions, nominations and elections concerning national or state offices, voted or to be voted on at any such primary election, the supreme court of the state shall take original jurisdiction for the purpose of summarily adjudicating any such controversy or contest."

Plaintiff in error contends that the foregoing language deprived the district court of jurisdiction in the instant case. We cannot agree with this contention. It affirmatively appears from other language in the statute that the jurisdiction of the supreme court in original proceedings was not intended to exclude the jurisdiction of the trial court to determine the controversy.

We have given careful consideration to all the points argued by plaintiff in error, and we hold: (1) That the district court did not err in taking jurisdiction of the subject matter of the petition; (2) that the trial court did not err in construing the statute which requires registration of a person on the books of the county clerk and recorder as a member of a particular political party as a condition of eligibility for designation as a candidate of that party for public office; (3) that the trial court did not err in treating the issues within the coverage of C.R.S. 1953 49-4-28; and (4) that no error was committed by the order of the trial court directing that the name of plaintiff in error be eliminated from the ballot by the best means available. No good purpose would be served in causing the expense of reprinting the whole ballot in order to eliminate the name of a candidate who was unqualified to appear thereon, and the trial court did the only thing that could reasonably be done under those circumstances. No error was committed by the trial court in directing the county clerk not to certify absentee ballots cast for plaintiff in error.

Accordingly the judgment is affirmed.

MR. JUSTICE SPARKS not participating.