No. 19,514.

WADE J. SPAIN *v.* WILHELMINA FISCHAHS, ET AL.
(354 P. [2d] 502)

Decided July 21, 1960. Rehearing denied August 2, 1960.

Mr. BENTLEY M. McMULLIN, Mr. JOSEPH P. LEWIS, for plaintiff in error.

Messrs. CREAMER & CREAMER, for defendants in error.

*En Banc.*

Mr. Justice Moore delivered the opinion of the Court.

Plaintiff in error, to whom we will refer as Spain, is before this court on writ of error to review an adverse judgment entered by the district court of Adams county. That judgment enjoined the submission of his name to the voters at the forthcoming primary election as a designee of the Democratic party for the nomination of that party for the office of county commissioner of Adams county, from District I.

Defendants in error, apart from Metzger and Sokol, are registered Democrats in the said district. They secured a district court decree enjoining Metzger and Sokol, as chairman and secretary respectively of the Adams county Democratic assembly, from certifying that Spain received sufficient votes to seek the nomination of the Democratic party for the office of county commissioner from District I. Under pertinent provisions of C.R.S. '53, 49-4-4, Metzger and Sokol would be obligated to make this certification if the injunction is held to have been erroneously issued.

Two questions are presented, the answers to which are determinative of the controversy. The trial court found from ample supporting evidence that at the time of the county assembly Spain was not a resident of the district which he sought to represent as commissioner. Further, it is admitted that the affiliation of Spain with the Democratic party as shown by the registration books of the county clerk does not meet the test of the statute (C.R.S. '53, 49-4-4) in that the said record does not show that his Democratic affiliation extended, "* * * for a period of not less than a year prior to the date of such assembly, nor unless such affiliation shall have been shown by the registration books of the county clerk and recorder * * * for a period of one year prior to the date of such assembly."

With reference to the first proposition we hold that the intent of the legislature in adopting C.R.S.

'53, 35-3-6 was to require that an applicant of a political party for the nomination for the office of county commissioner must be a resident of the district which he seeks to represent at the time of the county asembly of the political party at which candidates are designated. We interpret the language of the statute which reads: "* * * One commissioner shall be elected *from each of such districts* * * *," (Emphasis supplied) to mean that a nonresident of a district is not eligible for designation as a candidate for the nomination to the office of county commissioner unless at the time of the designation he is a resident of the district he seeks to represent.

As to the second point, it is clear that the clerk's record must itself indicate the affiliation of the person with the political party for at least one year prior to the date of the assembly. The record of the clerk and recorder cannot be supplemented or enlarged in any way by parol evidence. This precise point was passed upon by this court in *Anderson v. Kilmer, et al.,* 134 Colo. 270, 302 P. (2d) 185.

The judgment is affirmed. Any petition for rehearing in this cause must be filed within five (5) days from the announcement hereof.

MR. JUSTICE HALL and MR. JUSTICE DAY not participating.