No. 19,672.

ROBERT E. ANDERSEN, ET AL. *v.* DARREL SMYTH.

(360 P. [2d] 970)

Decided April 10, 1961.

165

Messrs. COLLINS, HENRY & DOLAN, for plaintiffs in error.

Mr. W. BANCROFT DAVIS, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

ON November 21, 1960, the plaintiffs in error, hereafter referred to as contestors, filed in the County Court for Sedgwick County a written statement of their intention to contest the election of the defendant in error, hereafter called contestee, to the office of county commissioner for the third district of Sedgwick County. Thereafter contestee filed a motion to dismiss for failure to state a claim upon which relief could be granted. The trial court granted this motion and entered a judgment of dismissal, which judgment the contestors by writ of error seek to have reversed.

Contestors brought their action under C.R.S. '53, 49-17-1, which provides, inter alia:

"The election of any person, declared duly elected to any county office, except the office of County Judge, may be contested by any elector of such county:

"(1) When the contestee *is not eligible to the office* to which he has been declared elected * * *." (Emphasis supplied.)

In their complaint the contestors allege that the contestee is "not eligible to the office" of County Commissioner because he was not properly affiliated with the Republican party for a period of not less than one year immediately prior to his designation by the 1960 Sedgwick County Republican Assembly to be a candidate for that particular office at the then ensuing primary election. C.R.S. '53, 49-4-4 provides, inter alia:

"*No person shall be eligible for designation as a candidate for office on any direct primary ballot* by any such

assembly unless such person shall have been affiliated with the political party holding such assembly for a period of not less than one year prior to the date of such assembly nor unless such application shall have been shown by the registration books of the county clerk and recorder or the election commission as the case may be, for a period of one year prior to the date of such assembly." (Emphasis supplied.)

It is the contestee's initial position that in order for one to be qualified to *hold* the office of county commissioner it is unnecessary that he have party affiliation for a period of at least one year immediately prior to the date of the County Assembly which designated him as a candidate for such office at the primary election, and secondly, that in any event contestors did not serve the contestee with a copy of their contest petition "within five days after the occurrence of the ground of the complaint" as required by C.R.S. '53, 49-4-46. The trial court sustained the contestee's position and in so holding was correct on either or both of the grounds urged by contestee.

■ Eligibility requirements for the office of county commissioner are found in Article VII, sections 1 and 6, of the Colorado Constitution and C.R.S. '53, 49-3-1 and 5. In essence they provide that any qualified voter is eligible to hold the office of county commissioner. C.R.S. '53, 35-3-6 additionally requires that each county shall be divided into as many compact districts as there are county commissioners, and that one commissioner shall be elected from each district by the voters of the entire county. These are the *only* constitutional or statutory provisions relating to the "eligibility" of a person to hold the office of county commissioner. It is not necessary that one have *any* party affiliation in order to "hold" the office of county commissioner.

■ There is a distinct difference between the eligibility of a person to be designated by a county assembly for nomination at a direct primary election of a candi-

date for a county office, and his eligibility to hold such office if elected by the voters of the county. Eligibility to hold office has frequently been distinguished from eligibility to be elected.

In *Mosby v. Armstrong*, 290 Pa. 517, 139 Atl. 151 it was said:

"* * * we are also of the opinion that the word 'eligible' in that statutory provision means eligible to hold, or capable of holding, the office of county controller, rather than qualified to be elected to it, as contended by appellants. * * * if the Legislature intended to provide as to eligibility to be elected, instead of eligibility to hold, it could have accomplished this by plain words, as it did in the case of county treasurers when it provided by section 3 of the Act of May 27, 1841 (P.L. 400 Pa. St. 1920 §7566), that persons holding certain other positions therein named should not be 'eligible to *election* as county treasurer' during their terms of office or until the expiration of one year thereafter." (Emphasis supplied.)

In *State v. Breckenridge*, 34 Okla. 649, 126 Pac. 806, it was held that "the word 'eligible' means 'legally qualified to hold office' and does not mean proper to be chosen for office." See, also, *People v. Hamilton*, 24 Ill. App. 609; *Schroeder v. Meridian Imp. Club*, 36 Wash. (2d) 925; 221 Pac. (2d) 544; *State v. Boyd*, 31 Nebr. 682, 48 N.W. 739; *Bradley v. Clarke*, 133 Cal. 196, 65 Pac. 395, and *Cox v. Starkweather*, 128 Colo. 89, 260 P. (2d) 587. Accordingly the contestee was "eligible to the office" of county commissioner.

█ The disqualification urged by the contestors is that the contestee was not a member of the Republican Party for a period of at least one year prior to the County Assembly at which he was designated. It should be noted that the statute prescribing such requirement is C.R.S. '53, 49-4-4, a specific section in the general statute relating to the conduct of primary elections, and states in so many words that it pertains to eligibility

"for designation as a candidate for office on any direct primary ballot." If, *prior* to the holding of the primary election, one seeks to contest the question of whether a designee of the County Assembly is "eligible," he must proceed under C.R.S. '53, 49-4-28. See *Anderson v. Kilmer*, 134 Colo. 270, 302 P. (2d) 185 and *Spain v. Fischahs*, 143 Colo. 464, 354 P. (2d) 502. If, however, eligibility is challenged *after* the holding of the primary election it must be done within five days as required by C.R.S. '53, 49-4-46. This "five day" requirement is jurisdictional in nature and has not only been recognized but rigidly adhered to by this Court. Accordingly a complaint showing on its face that there was non-compliance within the five day requirement of C.R.S. '53, 49-4-46, is subject to a motion to dismiss, since under such circumstances the court lacks jurisdiction to hear the matter. See *Cruse v. Richards,* 95 Colo. 485, 37 P. (2d) 382; *McCall v. Pearce,* 53 Colo. 409, 127 Pac. 956, and *Schwarz v. County Court,* 14 Colo. 44, 23 Pac. 84.

In either event the trial court was correct in dismissing the complaint.

The judgment is affirmed.

MR. CHIEF JUSTICE HALL and MR. JUSTICE MOORE concur.