The Honorable Mary Estill Buchanan Secretary of State 1575 Sherman Street Denver, Colorado 80203
Dear Ms. Buchanan:
This opinion is forwarded in response to your request of September 15, 1978. You have asked this office for an opinion on questions relating to the eligibility of candidates for county office nominated at a primary election. Further, you request an opinion on the procedures necessary to remove an ineligible candidate from the general election ballot, and whether such ineligible candidate may decline the primary nomination and create a vacancy to be filled by party committee.
QUESTIONS PRESENTED AND CONCLUSIONS
1. Is the removal of ineligible candidates from general election ballot the responsibility of the Secretary of State?
 The question of the eligibility of candidates placed on the ballot by primary election is exclusively within the jurisdiction of district court.
2. Does the declination of an ineligible candidate create a vacancy in a nomination?
 The timely declination or withdrawal of an ineligible candidate creates a vacancy in a nomination.
ANALYSIS
In light of the authority cited within, it is the opinion of the attorney general that the Secretary of State has no jurisdiction to decide questions of candidate eligibility after primary election nomination, and this opinion does not further address that question.
It is the opinion of this office that questions of the eligibility of candidates for placement upon the general election ballot is exclusively within the jurisdiction of the district court once such candidates have been nominated by primary election.
C.R.S. 1973, 1-10-114 states in pertinent part:
 (1) All election contests arising out of any primary election . . . shall be summarily adjudicated by the district court sitting for the political subdivision within which any such contest may arise. . .
 (2) Every such contest shall be initiated by petition to the proper court . . . The petition shall be verified, and a copy thereof served on the contestee within five days after the occurrence of the ground of contest . . .
The Colorado Supreme Court, in Andersen v. Smyth,146 Colo. 165, 360 P.2d 970, (1961) held that challenges to eligibility of candidates prior to primary election and challenges made after the holding of the primary, were based upon entirely distinct statutory provisions. While the former would involve filing with the Secretary of State an objection to designation or nomination under C.R.S. 1973, 1-14-212, objections after the primary are brought under C.R.S. 1973, 1-10-114, cited above, and subject to the five day limitation. The court held, "The five day requirement is jurisdictional in nature and has not only been recognized, but rigidly adhered to by this court."
Under C.R.S. 1973, 1-14-210, any person who has been nominated or designated, and who has accepted a nomination or designation, may cause his name to be withdrawn at any time prior to forty-five days before the primary, general, or special election, by filing a written signed and acknowledged statement of withdrawal with the officer with whom the original certificate or petition designating or nominating the candidate was filed. Additionally, such candidate shall forthwith report such withdrawal to the persons designated in 1-14-211 to fill such vacancy.
SUMMARY
The question of the eligibility of candidates placed on the ballot by primary election is exclusively within the jurisdiction of the district court. The timely declination or withdrawal of an ineligible candidate creates a vacancy in a nomination.
I trust that this opinion sufficiently answers the questions put forth in your opinion request of September 15, 1978.
Very truly yours,
 J.D. MacFARLANE Attorney General
SECRETARY OF STATE ELECTIONS
C.R.S. 1973, 1-10-114 C.R.S. 1973, 1-14-212 C.R.S. 1973, 1-14-210 C.R.S. 1973, 1-14-211
SECRETARY OF STATE DEPT. Elections, Div. of
Eligibility of candidates nominated by primary elections is within jurisdiction of district court.