## No. 28374

**Gale Eugene Ray and James P. Thompson, Clerk and Recorder of Larimer County v. David Jerome Mickelson**

(584 P.2d 1215)

Decided October 4, 1978.

John O. Walker, P.C., Shirley Wilsey, for defendant-appellant Gale Eugene Ray.

Donald E. Johnson, Jr., Deputy, for defendant-appellant James P. Thompson.

No appearance for plaintiff-appellee.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

This appeal arose out of an election contest.

Appellant, Gale Eugene Ray, and appellee, David Jerome Mickelson, were designated by the Democratic County Assembly of Larimer County as primary candidates for the office of Sheriff of Larimer County. At the primary election held on Tuesday, September 12, 1978, Ray was the successful candidate. Mickelson then filed a complaint in the district court on Monday, September 18, challenging Ray's right to be the candidate for the democratic party for the office of Sheriff of Larimer County at the general election to be held on November 7, 1978.

Mickelson's complaint alleged that Ray had not been a registered democrat for a period of at least twelve months prior to the holding of the Democratic County Assembly and that, therefore, he was ineligible to be designated as a primary candidate, or as the democratic candidate at the general election.

Section 1-14-204(4),C.R.S. 1973, provides:

"No person shall be eligible for designation by assembly as a candidate for nomination at any primary election unless such person has been affiliated with the political party holding the assembly for a period of at least twelve months immediately preceding the date of the assembly, as shown by the registration books of the county clerk and recorder."

The district court conducted an evidentiary hearing and found that Ray had not been a registered democrat for twelve months preceding the date of the county assembly and that he was therefore ineligible to be designated by the assembly as a democratic primary candidate and that, even though he was the winning candidate at the primary election, he was not qualified to be the democratic candidate for the office of sheriff at the general election. The court further declared that a vacancy existed in the democratic party designation for the office of county sheriff.

We affirm the judgment of the district court.

Appellant Ray contends on several grounds that the judgment of the district court should be reversed and that his name should be placed on the general election ballot. We consider his arguments in order.

I.

Appellant first asserts that election challenges relating to party affiliation must be made under section 1-14-212, C.R.S. 1973 (1976 Supp.), which provides for determination of objections to designations and nominations. This section provides in pertinent part as follows:

"All petitions or certificates of designation or nomination which are in apparent conformity with the provisions of articles 14 and 15 of this title shall be deemed to be valid unless objection thereto is fully made in writing within seven days after the filing of the same. * * *"

It is clear that had an objection to Ray's designation been made under section 212 prior to the primary, within the seven-day period provided therefor, the county clerk and recorder could have made a determination concerning Ray's eligibility to be a democratic primary candidate; and there would have been ample time for the objector or the designated candidate to pursue the judicial remedy for final determination of the objection, as provided by section 212.

We hold that a failure to pursue the remedies under section 1-14-212, C.R.S. 1973 (1976 Supp.), however, does not constitute a waiver of the right of an elector to contest the eligibility of one to be a candidate of his political party. Section 1-14-204(4) makes it clear that unless the person choosing to be a candidate has been registered as a member of the political party he seeks to represent, for at least twelve months immediately preceding the date of the holding of the county assembly, he may not be designated as a party candidate by the assembly. It follows that he may not be the party candidate, even though he may have been mistakenly designated by the county assembly as a primary nominee and even though he may have been selected by the voters at the primary election to be the

party candidate.

■ Appellee properly brought his contest proceeding to disqualify appellant as a party candidate under section 1-10-114, C.R.S. 1973, which provides for contests arising out of primary elections. *Andersen v. Smyth,* 146 Colo. 165, 360 P.2d 970.

■ We hold that appellant's first contention for reversal is without merit and that a party candidate's eligibility may be contested by one authorized by the election laws to do so, either before or after a primary election.

## II.

■ Appellant contends that, nonetheless, the district court did not have jurisdiction over appellant, for the reason that the complaint was not served on him within five days after the primary election as required by section 1-10-114(2).

It is apparent that the complaint was not filed until the sixth day following the primary election. Appellant argues that under the decision of this court in *Cruse v. Richards,* 95 Colo. 485, 37 P.2d 382, reaffirmed in *Anderson v. Smyth, supra,* the five-day requirement is jurisdictional in nature and must be rigidly adhered to by the court. He concludes that such an out-of-time complaint is subject to a motion for dismissal for lack of jurisdiction. The district court properly denied his motion to dismiss for want of jurisdiction.

The *Cruse* and *Anderson* decisions, which properly pronounced the law at that time, are not controlling in the present controversy inasmuch as the General Assembly has since enacted section 1-1-105, C.R.S. 1973, relating to "computation of time," which provides as follows:

"Calendar days shall be used in all computations of time made under the provisions of articles 1 to 17 of this title. In computing time for any act to be done before an election, the first day shall be included, and the last, or election day, shall be excluded. Saturdays, Sundays, and legal holidays shall be included, but, if the time for any act to be done falls on Saturday, Sunday, or a legal holiday, such act shall be done upon the first business day following such Saturday, Sunday, or legal holiday."

Appellant argues that the provisions of this section relate only to acts to be done before any election and not to election contests occurring after an election. We disagree with this construction of the statute. By its very terms, this section shall be used in all computations of time made under the provisions of articles 1 to 17 of the elections statutes, which relate to general, primary, and special elections. Primary elections are required to be held on the second Tuesday of September in each even-numbered year. Section 1-1-104(23), C.R.S. 1973. Accordingly, the fifth allowable day for initiating an election contest, section 1-10-114, necessarily falls on a Sunday. It is evident that the legislature intended that the last day for the act — here, the act of serving a copy of the petition contesting a primary

election upon the contestee — be extended to the first business day following the fifth day, which is always a Sunday. In our view, it would be a strained construction of the statute to compel a contestant to commence his suit and accomplish service of process within the first, second, or third regular business days following an election when the statute specifically allows five days in which to accomplish the required acts. We, therefore, hold that the election contest here, even though it was commenced and service was accomplished on the sixth day following the primary election, was properly commenced within the allowable time by reason of section 1-1-105 and that the court had jurisdiction over the proceeding.

## III.

■ Appellant further argues that the proceeding in the district court should have been dismissed because there was no showing made by the plaintiff that he was a qualified "elector" of Larimer County and was therefore competent to institute the election contest under the provisions of section 1-10-110(1), C.R.S. 1973.

Appellant's argument arises out of appellee's failure in his case in chief to produce evidence that he in fact was a qualified elector. Upon a motion to dismiss for want of such proof, the court permitted appellee to supply the additional evidence to demonstrate his right to bring the election contest proceeding. This ruling was clearly within the sound discretion of the trial court.

The record contains not only ample evidence of appellee's right as an elector to bring the suit, but also substantial evidence to support the finding of the court that appellant was not qualified and therefore ineligible to be a democratic party candidate for the office of sheriff.

■ Other arguments for reversal, involving procedural matters, have been considered but in our view do not merit discussion. The record indicates that the parties were afforded ample notice and a full hearing. Section 1-10-114, C.R.S. 1973, provides that election contests shall be "summarily adjudicated" by the court. Thus, strict adherence to procedural requirements is not the rule. So long as due process is afforded and a fair hearing is provided the contestants, the statutory requirements are deemed satisfied.

The judgment is affirmed.