## No. 28371

**Robert L. Mohler, Ruth Dohrn, and Guadalupe Delgado v. Bonsall D. Johnson and James B. Thompson, as the duly elected and qualified Clerk and Recorder of Larimer County, State of Colorado**

(584 P.2d 1218)

Decided October 4, 1978.

Cogswell, Chilson, Dominick & Whitelaw, John H. Chilson, for petitioners-appellees.

Anderson and Sommermeyer, Robin L. Wick, for respondent-appellant.

*En Banc.*

MR. JUSTICE LEE delivered the opinion of the Court.

Appellant, Bonsall D. Johnson, became a republican primary candidate for the office of County Commissioner for Commission District No.

1, Larimer County, via the petition method as prescribed by section 1-14-207, C.R.S. 1973. His opponent at the primary election was a designee of the Republican County Assembly at the primary election held on September 12, 1978. Appellant won the primary election and was thus chosen to be the republican candidate for county commissioner for Commission District No. 1 in the general election.

Appellees challenged appellant's qualifications in a proceeding brought in the district court pursuant to section 1-10-114, C.R.S. 1973. Appellees' challenge was based upon their contention that appellant was not qualified to be the republican nominee for the office of County Commissioner of Commission District No. 1, by reason of the fact that he was not a resident of Commission District No. 1 at the time of the primary election.

■ The district court conducted an evidentiary hearing and found, as appellant admitted, that he was not a resident of Commission District No. 1 at the time of the primary election.

The court ruled that as a matter of law appellant was neither eligible nor qualified to become the nominee of the republican party for county commissioner for Commission District No. 1 under the requirements of section 30-10-306, C.R.S. 1973, which provides in pertinent part as follows: "* * * One commissioner shall be elected from each of such districts by the voters of the whole county. * * *" The court's ruling was based upon the decision of this court in *Spain v. Fischahs,* 143 Colo. 464, 354 P.2d 502.

In the *Spain* case, this court interpreted the statutory language above quoted to mean that "a nonresident of a [commission] district is not eligible for designation as a candidate for the nomination to the office of county commissioner unless at the time of the designation he is a resident of the district he seeks to represent."

The district court thereupon ruled that the Larimer County clerk and recorder not place appellant's name on the ballot as the republican candidate for county commissioner for Commission District No. 1. The court further declared that a vacancy existed in the republican party designation for the office of County Commissioner.

Appellant seeks reversal, contending on several grounds that the judgment of the district court was improper and that his name should be placed on the general election ballot.

We do not consider it necessary to discuss all of the appellant's arguments, in view of our decision in *Ray v. Mickelson,* 196 Colo. 325, 584 P.2d 1215, announced contemporaneously herewith.

I.

Appellant's first argument is based on the decision of this court in *Cox v. Starkweather,* 128 Colo. 89, 260 P.2d 587. There, this court held that, although the candidate for county commissioner was not, at the time

of the general election, a resident of the commissioner district for which he was running, he was not rendered ineligible to assume office where he became a resident after the general election and was thus eligible at the time of his induction into office. Appellant thus reasons that his nonresidence within the proper commissioner district at the time of his designation as a party candidate does not render him ineligible so long as he becomes a resident of the commissioner district before he takes the oath of office. We do not agree with this contention.

The holding in *Spain, supra,* is clearly that a nonresident of a commissioner district is not eligible for designation as a party candidate for nomination to the office of county commissioner unless at the time of his designation he is a resident of the district he seeks to represent. The rationale of *Spain* applies with equal force to a candidate for political party nomination whose name is placed on the primary election ballot by the petition method.

Appellant fails to make the distinction between the eligibility of a person to be designated for nomination as a party candidate at a primary election and his eligibility to hold office if elected at the general election by the voters. This distinction was pointed out in *Anderson v. Smyth,* 146 Colo. 165, 360 P.2d 970. We do not regard the *Cox* case as relevant to the issue in this case.

## II.

Appellant argues that objections to the qualification of a commissioner candidate, based upon district residency, must be raised immediately following the candidate's designation by petition when known (as they were in this case) pursuant to section 1-14-212, C.R.S. 1973 (1976 Supp.) or they are waived. This argument is answered by our discussion in *Ray v. Mickelson, supra,* announced contemporaneously herewith.

## III.

Appellant's jurisdictional argument based on failure of service within five days of the election, as provided by section 1-10-114, C.R.S. 1973, is also disposed of in *Ray v. Mickelson, supra.*

The remainder of appellant's arguments have been considered and are without merit.

The judgment is affirmed.