[No. 3976.]

## WHIPPLE, SECRETARY OF STATE, v. KLECKNER.

1. ELECTIONS—NOMINATIONS BY PETITION—AMENDMENTS.

Where voters claiming to be members of a political party, nominated a ticket by petition, and appointed a committee to represent them for the purposes set forth in sections 14 and 15 of the election laws, and the ticket nominated was rejected on the ground that the petitioners did not represent the political party they claimed to represent, the committee appointed to represent them had no authority to amend the petition changing the political name and emblem selected by the petitioners.

2. SAME.

An amendment to a certificate of nomination by petition changing the name and emblem of the party was, in effect, a new certificate of nomination, and if tendered after the expiration of the time prescribed for filing nominations by certificate, it came too late and was properly rejected.

*Upon Review from the District Court of Arapahoe County.*

RESPONDENT and others nominated a ticket by petition, under the name and emblem of the National People's party, which was filed with the secretary of state. Objections were made to these nominations by the state chairman of this party, which were sustained by the secretary of state upon the ground that they were not made by those representing the party. This ruling, on review by the district court, was affirmed. The parties signing this certificate of nomination also appointed a committee who were authorized to represent them for the purposes set forth in sections 14 and 15 of the election act; and in pursuance of this authority, on October 22, 1898, tendered the secretary of state an amendment to the petition, changing the name and emblem originally selected, the name of the party in such amendment being designated as "The Middle-Road-Populist Party." This the secretary of state refused to accept, which ruling was reversed by the district court, from which judgment the secretary of state brings the case here for review.

Mr. Byron L. Carr, attorney general, Mr. Calvin E. Reed and Mr. John R. Smith, *amici curiæ.*

Mr. Justice Gabbert delivered the opinion of the court.

In the original case, the ruling of the secretary of state and the judgment of the district court were each based upon the proposition that the petitioners did not represent the party named in their petition, and, therefore, were not entitled to the name and emblem selected. For that reason, then, in order to make a nomination, they must take another name and another emblem, which the committee seeks to do by adopting a different name and emblem in a certificate which is designated an " Amending Certificate," the effect of which, if permitted, would be to make a nomination by an entirely new and different party from that originally made, or by one which they did not purport to represent in the first instance. This cannot be permitted under the guise of an amendment, and, besides, the sections of the election act under which the committee claims to derive authority do not authorize amendments of this character.

Nominations by petition for an office to be filled by the voters of the entire state must be filed with the secretary of state not less than thirty days before election; and as the effect of allowing the amendment to the original certificate would be to make a nomination by a different party from that originally contemplated, such nomination was not tendered the secretary of state within the time required by law, and he properly refused to accept the amendment.

The judgment of the district court is reversed, and the cause remanded with directions to sustain the ruling of the secretary of state.

*Reversed and remanded.*

Campbell, C. J., not voting.