## No. 13,001.

ROBINSON ET AL. *v.* ARMSTRONG, SECRETARY OF STATE ET AL.

## No. 13,002.

PEOPLE EX REL. ROBINSON ET AL. *v.* ARMSTRONG, SECRETARY OF STATE ET AL.
(9 P. [2d] 481)

Decided March 2, 1932.

364

Mr. S. Harrison White, Messrs. Garwood & Garwood, for plaintiffs in error.

Mr. Clarence L. Ireland, Attorney General, Mr. Fred A. Harrison, Deputy, Mr. I. L. Quiat, Mr. W. P. Kavanagh, for defendants in error.

*En Banc.*

Mr. Justice Burke delivered the opinion of the court.

These parties appear here in the same order as in the trial court. Plaintiffs in error represent the signers of a referendum petition. They are hereinafter referred to as plaintiffs. Defendant in error Armstrong is hereinafter referred to as the secretary, and defendant in error, Daniel J. Sparr, as Sparr.

Plaintiffs filed a petition to refer to the electorate an act passed by the Legislature. Sparr filed a protest which the secretary sustained. Plaintiffs brought an action to review that order. This suit the trial court dismissed. To review that judgment plaintiffs bring error. This writ is numbered 13,001 here.

After the secretary sustained the protest of Sparr, plaintiffs asked to withdraw the petition for amendment and their request was refused by the secretary. While 13,001 was on trial in the district court the hearing thereof was continued for forty-eight hours to allow plaintiffs to bring mandamus to compel the secretary to permit the withdrawal of the petition. The two actions were then consolidated and on further hearing 13,001 was dismissed and the temporary writ in the mandamus case made peremptory. To review that judgment plaintiffs bring error. This writ is numbered 13,002 here. The records in these cases are necessarily distinct, but they are argued together. One opinion will dispose of both.

■■ The act of the General Assembly which plaintiffs seek to refer is chapter 95, p. 352, S. L. 1931. The section of our Constitution authorizing such action is section 1, article V, and the statute providing for the protest, the hearing before the secretary and a judicial review of his decision is section 31, p. 231, C. L. 1921. Under the provisions of this last mentioned section hearings (before the secretary) on protests to such petitions "shall be summary and must be concluded within forty days after such petition is filed * * *. In case the petition be declared insufficient in form or number of signatures of qualified electors, it may be withdrawn * * * and may, within fifteen days thereafter, be amended or additional names signed thereto as in the first instance, and refiled as an original petition. The finding as to the sufficiency of any petition may be reviewed by any state court of general jurisdiction in the county in which such petition is filed, but such review shall be had and determined forthwith, and, upon application, the decision

of such court thereon shall be reviewed by the supreme court summarily.''

It will be observed that this section provides one special remedy, and only one, i. e., a judicial review of ''the findings as to the sufficiency'' of the petition. Thereunder plaintiffs were entitled to the review sought in No. 13,001. This, however, was not compulsory. They might waive it, or abandon or dismiss it after beginning it. Such a suit might be instituted and prosecuted in the utmost good faith and on the trial thereof the evidence might clearly establish the correctness of the ruling of the secretary in sustaining a protest. Thereupon plaintiffs would be entitled to abandon their judicial review and withdraw the petition for amendment, if it were capable of such. Again, plaintiffs might assume that the ruling of the secretary, sustaining a protest, was right, ask to withdraw the petition for amendment, and on the secretary's refusal bring mandamus. If the petition be withdrawn no review can thereafter be prosecuted because without the petition no court could adjudicate its sufficiency. Once withdrawn it passes from official control and may be tampered with, amended or destroyed. An action for review can not survive a withdrawal to be further prosecuted on amendment and refiling because if refiled it comes back ''as an original petition.'' The withdrawal of such a petition is therefore equivalent to the dismissal of an action to review. A demand for its withdrawal and a suit in mandamus to enforce that demand must necessarily have the same effect. We therefore see no escape from the conclusion that the court's dismissal of 13,001 was proper.

On the dismissal of No. 13,001 the trial court ordered the referendum petition returned to the secretary of state and this order is assigned as error. It was unquestionably correct. Plaintiffs were demanding the petition. They could only get it from the secretary. It has now gone back, or will go back, to its proper repository there to await them.

■ The briefs herein are largely devoted to a discussion of the law governing election of remedies and numerous authorities are cited. In our view of the question these need not be examined. Our conclusions do not rest upon the doctrine of election, they are forced by the express language of the statute. "The term [election of remedies] has been generally limited to a choice by a party between inconsistent remedial rights, the assertion of one being necessarily repugnant to, or a repudiation of, the other." 20 C. J., p. 2, §1.

Here review is not inconsistent with withdrawal, if resorted to in that order. But withdrawal is inconsistent with review, if resorted to in that order. Again, the doctrine applies only when different remedies are provided for "a given wrong" and based "upon one and the same set of facts." Id. p. 5, §6. Here there were distinct wrongs and separate facts, i. e., the alleged erroneous ruling on the sufficiency of the petition and the refusal of the request for its withdrawal.

■ Plaintiffs say they are entitled, in 13,001, to be heard on both the sufficiency of the petition and the right to withdraw. It is a sufficient answer to point out that the statute under which that cause was instituted limits review to "the sufficiency" of the petition. They also say that if the doctrine of election applies here, they made their election when cause 13,001 was instituted, hence that action should have stood and 13,002 been dismissed. Id. p. 34, §25. But the action to review was in no sense a repudiation of the right to withdraw, hence no election; whereas withdrawal made review impossible, hence was equivalent to an abandonment of 13,001. Moreover, if plaintiffs made an election they probably made it, not when they filed their action in review, but four days before when they made demand on the secretary to withdraw the petition.

■ Plaintiffs' erroneous conception of this entire matter is thus clearly presented in their brief: "If convinced that the secretary had erred in refusing with-

drawal of petitions, we see no reason why the reviewing court might not, with propriety, order return of the petitions to the Secretary for withdrawal by petitioner, and continue the review on the merits until every step required by law had been accomplished before the Secretary.'' This means that the action to review might be left standing until the petitions were amended and refiled, and later tried on an issue which did not exist when the cause was instituted. That theory is fully answered by stating it.

Since in 13,002 plaintiffs were entirely successful they have nothing here in that cause to review. Defendants contend that this case is moot. No cross errors are assigned and that question is not before us.

The judgments in both cases are accordingly affirmed.