**Joanne CONTE, Elaine Boese, Raymond Smith, and Shirley Pater, Plaintiffs–Appellants,**

**v.**

**Natalie MEYER, in her official capacity as the Secretary of State of Colorado, Defendant–Appellee.**

No. 94SA332.

Supreme Court of Colorado, En Banc.

Oct. 17, 1994.

Rehearing Denied Nov. 7, 1994.

Wilcox & Ogden, P.C., Ralph Ogden, Denver, for plaintiffs-appellants.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Maurice G. Knaizer, Deputy Atty. Gen., Denver, for defendant-appellee.

Justice KIRSHBAUM delivered the Opinion of the Court.

This appeal requires determination of whether appellant, Joanne Conte, has sufficiently satisfied applicable statutory requirements to render her eligible as a candidate for the office of Colorado State Representative for House District 29 in Arvada, Colorado. Appellee, Colorado Secretary of State Natalie Meyer (the Secretary), determined that Conte was ineligible to seek the position. Conte and appellants Elaine Boese, Raymond Smith, and Shirley Pater filed a civil action pursuant to section 1–1–113, 1B C.R.S. (1994 Supp.), seeking a declaration that the Secretary's determination was erroneous and requesting an injunction directing the Secretary to include Conte's name as a candidate for the office of Colorado State Representative for House District 29 on the ballot. The trial court upheld the Secretary's ruling, and the appellants have appealed the trial court's judgment pursuant to section 1–1–113(3), 1B C.R.S. (1994 Supp.). This court accepted jurisdiction of the appeal and on September 27, 1994, issued an order reversing the trial court's judgment, directing the Secretary to place Conte's name on the ballot as a candidate for the office of Colorado State Representative for House District 29, and stating that this opinion would follow.

I

Conte is a councilperson for the City of Arvada. On August 2, 1993, she changed her party affiliation and became an unaffiliated voter in House District 29. On July 18, 1994, a petition nominating Conte as an independent candidate for the office of State Representative for House District 29 was filed with the Secretary. The petition, which has remained on file with the Secretary since that date, was signed by appellants Boese, Smith, and Pater.

Section 1–4–802(1)(f), 1B C.R.S. (1994 Supp.), provides that petitions nominating independent candidates for legislative positions "shall be filed no later than 3 p.m. on the Tuesday preceding the primary election...." The 1994 primary election was held on August 9, 1994. Therefore, petitions nominating independent candidates for legislative of-

fices for the 1994 election had to be filed no later than 3:00 p.m. on August 2, 1994.

The parties agree that the petition filed by Conte on July 18, 1994, contained the requisite number of valid signatures of registered voters residing in House District 29. *See* § 1–4–802(1)(c), 1B C.R.S. (1994 Supp.). The parties also agree that the acceptance of the nomination portion of the petition contained a statement indicating that Conte registered as an unaffiliated elector on August 2, 1993.

Section 1–4–802(1)(g) contains the following pertinent provision:

> (g) No person shall be placed in nomination by petition unless the person is an eligible elector of the political subdivision or district in which the officer is to be elected and unless the person was registered as unaffiliated, as shown on the books of the county clerk and recorder, for at least twelve months prior to the date of filing of the petition. . . .

§ 1–4–802(1)(g), 1B C.R.S. (1994 Supp.). On July 18, 1994, prior to filing her petition, Conte spoke with representatives of the Secretary with respect to the contents thereof. They discussed each line of the acceptance of nomination portion of the petition, including the statement indicating the August 2, 1993, date upon which she had changed her registration to unaffiliated voter. Conte was aware of a statutory provision permitting a petitioner to "cure any defects in the petition prior to the filing deadline." *See* § 1–4–912, 1B C.R.S. (1994 Supp.). She sought to verify the sufficiency of her petition prior to August 2, 1994, in order to have time to address any defects prior to that date. The representatives informed Conte that the petition was satisfactory.

When Conte actually filed the petition later in the day on July 18, 1994, she again reviewed it with a representative of the Secretary. Conte was informed that the petition was adequate. On July 27, 1994, the Secretary issued a "Determination of Sufficiency," which document indicated that the Secretary had completed an examination of the petition, that the petition contained the requisite number of valid signatures, and that Conte's name would be placed on the general election ballot as an independent candidate for State Representative from House District 29.

On August 12, 1994, the Secretary sent a letter to Conte informing her that her name would not appear on the election ballot because Conte had not been an unaffiliated elector for one year prior to July 18, 1994, the date the petition was filed. The letter explained that the Jefferson County Clerk and Recorder had confirmed that Conte's change in party affiliation occurred on August 2, 1993. The Secretary's letter did not refer to the statement in the petition on file in the Secretary's office setting forth this information.

Conte filed this action in the Denver District Court challenging the Secretary's determination.[1] On September 13, 1994, the trial court entered judgment orally against Conte. The trial court held that the determination of sufficiency was issued in error because the petition contained information indicating that Conte became an unaffiliated voter on August 2, 1993, less than twelve months prior to July 18, 1994, the date upon which the petition was filed. Although the trial court recognized that the General Assembly had provided a provision to cure faulty petitions, the court rejected Conte's argument that because she satisfied the twelve-month requirement as of the time her petition was required to be filed—August 2, 1994—the Secretary erred in subsequently disqualifying her nomination. The trial court also rejected Conte's argument that the Secretary was estopped from removing Conte's name from the ballot. The trial court reasoned that in view of the language of the statute Conte could not have reasonably relied on the Secretary's erroneous determination.

Conte promptly appealed the trial court's judgment, pursuant to section 1–1–113(3), 1B C.R.S. (1994 Supp.).

---

1. An earlier action filed in the United States District Court for the District of Colorado by Conte against the Secretary was dismissed on the ground that Conte had an adequate state law remedy.

## II

Conte initially argues that because her petition satisfied all statutory criteria as of the August 2, 1994, filing deadline and because she had received a certification from the Secretary prior to that date that her petition was sufficient, she was an eligible candidate for the office she seeks. Conte also argues that the Secretary was estopped under the circumstances of this case from removing her name from the ballot and that the Secretary's late determination of insufficiency deprived Conte of her statutory right to cure any defects in her petition. We agree with the first argument, and therefore do not address her alternative contentions.

The parties agree that on July 18, 1994, Conte's petition satisfied all requisites for a candidate for State Representative from House District 29 with the exception of the provision of section 1–4–802(1)(g) requiring that any change in party affiliation be accomplished at least twelve months prior to the date of filing of the petition. The trial court in essence deemed the requirements of that statute to be jurisdictional, in the sense that any petition not filed in strict conformity with the provisions thereof must be deemed invalid. Under the particular circumstances of this case, we disagree.

Conte's petition was initially filed on July 18, 1994. It remained on file continuously thereafter until August 2, 1994, the date upon which she satisfied the statutory requirements. She neither withdrew nor attempted to amend her petition prior to that time. There was no need for such conduct, not because the Secretary had issued a certification letter, but because all information contained in the petition was accurate. In our view, the petition was continuously "filed" for purposes of the statutory requirements every day from July 18, 1994, until August 2, 1994.

In construing statutory provisions, our responsibility is to give full meaning to the legislative intent. *Snyder Oil Co. v. Embree,* 862 P.2d 259, 262 (Colo.1993); *Farmers Group, Inc. v. Williams,* 805 P.2d 419, 422 (Colo.1991). It is presumed that the General Assembly intends a just and reasonable result when it enacts a statute, and a construction which leads to an absurd result will not be followed. *City of Ouray v. Olin,* 761 P.2d 784, 788 (Colo.1988); *Ingram v. Cooper,* 698 P.2d 1314, 1315 (Colo.1985); *Colorado Dept. of Social Serv. v. Board of County Comm'rs,* 697 P.2d 1, 18 (Colo.1985); § 2–4–201(1)(c), 1B C.R.S. (1980).

The legislative intent expressed by section 1–4–802(1)(g) is clear: no unaffiliated candidate will be allowed to appear on the ballot unless the candidate has been registered as an unaffiliated voter at least twelve months prior to the last date upon which applications must be filed. The construction urged by the Secretary and adopted by the trial court fails to further the intent and purpose of the statute. In addition, such construction leads to an absurd result: Conte must be denied eligibility because she did not delay the filing of her petition until August 2, 1994. There is no basis to conclude that the General Assembly intended that a conscientious candidate who, to seek early determination of the adequacy of a petition that contains accurate information and otherwise complies fully with all statutory requirements, files the petition prior to the filing deadline must be denied the opportunity to seek public office when the candidate would be eligible if the petition were filed on the filing deadline.[2] We do not

---

2. In *Romero v. Sandoval,* wherein we construed a statute prohibiting certification of a candidate, "whose voter registration page does not reflect particular qualifications" to authorize the Secretary to look beyond the voter registration page to ascertain residency, we observed that "[w]e must construe statutes limiting a person's right to hold public office in a way that will least infringe upon that right, 'one of the valuable and fundamental rights of citizenship' ". *Romero v. Sandoval,* 685 P.2d 772, 774–75 (Colo.1984) (quoting *Cowan v. City of Aspen,* 181 Colo. 343, 348, 509 P.2d 1269, 1272 (1973)). In *Neelley v. Farr,* in construing a statute authorizing challenges to an election when the contestee was ineligible for the office to which he had been declared elected, we made the following observations:

It is in harmony with the recognized rights of the people to freedom of choice in the selection of their officers to say that, in the absence of any provision as to qualifications for election, they may choose any person who is or may become eligible to take and hold the office at the time required for qualifying.... If the person declared elected was under disabilities that could be removed, so as to render him

believe the General Assembly intended such a punitive result when, as here, the petition remains on file continuously until the filing deadline, the Secretary has confirmed the sufficiency of the petition and ordered the candidate's name affixed to the ballot prior to the filing deadline, and the Secretary did not notify the candidate of the Secretary's view of the applicability of section 1–4–802(1)(g) until after the filing deadline. The construction of section 1–4–802(1)(g) to require that a candidate be registered as an unaffiliated voter for twelve months prior to the last date on which applications may be filed avoids an unjust and unreasonable result.

The Secretary asserts that the decisions of this court in *Robinson v. Armstrong*, 90 Colo. 363, 9 P.2d 481 (1932), and *Whipple v. Kleckner*, 25 Colo. 423, 55 P. 163 (1898), require the conclusion that Conte is not eligible for inclusion on the ballot. Those decisions are inapposite. In *Robinson*, a petition filed with the Secretary was challenged by protestors. The Secretary agreed with the protestors and declared the petition to be insufficient. The petitioners filed a petition with the Secretary to withdraw the petition for amendment and also filed a civil action to review the Secretary's decision. In *Robinson* we held that judicial review of a petition after it had been withdrawn was improper. Conte's petition was never withdrawn, but remained on file continuously from July 18, 1994, to this date. There was no need to amend the petition because that document contained accurate information as well as a sufficient number of valid signatures.

The Secretary relies on *Whipple* to support the argument that defects such as the one contained in Conte's petition cannot be cured by amendment. In *Whipple*, a candidate filed a petition stating that the candidate represented the National People's Party. The state chair of the National People's Party protested the petition on the ground that in fact that party had not nominated the candidate. After the filing deadline, the candidate tendered an amendment to the petition on file seeking to change the name and emblem of the designated party to "Middle–Road–Populist [P]arty." The Secretary refused to accept this amendment to the contents of the petition, and this court upheld that determination.

In *Whipple*, the candidate tendered an amendment to a previously filed petition seeking to alter the contents of the original document. The amendment was tendered after the filing deadline had lapsed. In this case, Conte tendered no amendment to her petition because the petition was accurate and required no alteration of the facts contained therein.

We conclude that in the circumstances of this case the petition filed by Conte satisfied the legislative intent expressed in section 1–4–802(1)(g), 1B C.R.S. (1994 Supp.), as of August 2, 1994. Because the petition is both accurate and sufficient, Conte is an eligible candidate for the office of State Representative for House District 29, contrary to the decision of the trial court.

### III

The judgment of the trial court is reversed and the case is remanded to that court with directions that the court enter an order directing the Secretary to act in conformity with this court's order of September 27, 1994, and certify Conte as a bona fide candidate for the office of State Representative for House District No. 29 in the general election to be held in November 1994.

VOLLACK, J., dissents and SCOTT, J., joins in the dissent.

Justice VOLLACK dissenting:

The majority holds that Joanne Conte's (Conte) petition was "continuously filed," for the purposes of the statutory requirements, every day from July 18, 1994, until August 2, 1994. Maj. op. at 965. I disagree. Section

*eligible to take the office at the time required,* we think it would be no ground for contest that he was not eligible to take the office at the time he was elected.... *Neelley v. Farr*, 61 Colo. 485, 518, 158 P. 458, 469 (1916) (emphasis added). *See also Colorado*

*Libertarian Party v. Meyer*, 817 P.2d 998, 1003 (Colo.1991); *Cox v. Starkweather*, 128 Colo. 89, 95, 260 P.2d 587, 591 (1953). The construction we adopt least infringes upon Conte's right to seek public office.

1–4–802(1)(g), 1B C.R.S. (1994 Supp.), is clear and unambiguous, and mandates that a candidate be registered at least twelve months prior to the date of filing of the petition. The Uniform Election Code requires independent candidates to meet its statutory mandate before their names can appear on the ballot. Since Conte failed to meet that mandate, I respectfully dissent.

## I.

Candidates who wish to run on an independent ticket for state office must submit a petition for nomination. *See* §§ 1–4–403, 1–4–503, 1–4–802, 1B C.R.S. (1994 Supp.). Section 1–4–802 of the Uniform Election Code governs the petition procedure for independent, or "unaffiliated," candidates. Under that section, the petition must contain the candidate's name and address, and the name of the office sought. *See* § 1–4–802(1)(b), 1B C.R.S. (1994 Supp.). The petition for nomination must then be signed by eligible electors in the candidate's district. *See* § 1–4–802(1)(c), 1B C.R.S. (1994 Supp.).[3]

Section 1–4–802(1)(g) further requires each independent candidate to be registered as an independent elector on the books of the county clerk and recorder. The section of that statute, which is at issue here, reads as follows:

> No person shall be placed in nomination by petition ... unless the person was registered as unaffiliated, as shown on the books of the county clerk and recorder, for at least twelve months prior to the date of filing of the petition....

Once the petition requirements are met, the candidate must file the petition with the Secretary of State of Colorado (the Secretary). *See* § 1–4–802(1)(f), 1B C.R.S. (1994 Supp.). Petitions must be filed by 3:00 p.m. on the Tuesday before the primary election. *Id.* Petitions may be filed before the statutory deadline. However, petitions cannot be circulated for signatures prior to forty-nine days before the primary election. *See* § 1–4–802(1)(d), 1B C.R.S. (1994 Supp.).

The facts of this case are undisputed. On April 30, 1993, Conte submitted a candidate affidavit to the Secretary, declaring herself a Democratic candidate for State Representative in House District 29. On August 2, 1993, Conte submitted a revised affidavit, declaring that she was an unaffiliated candidate for the same office. On the same day, August 2, 1993, Conte registered as an unaffiliated elector with the Jefferson County Clerk and Recorder.

Conte circulated a petition for nomination for State Representative to House District 29, and collected the names and signatures of 1,423 individuals who stated that they were registered voters in the district. Conte completed the petition form, and certified on her petition that she was registered as an unaffiliated elector as of August 2, 1993.

Sometime prior to filing, Conte reviewed her petition with employees at the elections office, and was told that her petition appeared to be in compliance with the law. Conte then filed her petition with the Office of the Secretary on July 18, 1994. Under the statute, however, the earliest that Conte could file her petition was twelve months after August 2, 1993, the same date as the deadline for filing those petitions, August 2, 1994.[4]

On July 27, 1994, Conte received a transmission by facsimile from the Secretary, confirming that her name would appear on the November 8, 1994, ballot as a candidate in House District 29. Unfortunately, that confirmation notice was erroneously sent. After the Secretary's office issued the confirmation, they discovered that Conte had not been registered as an unaffiliated elector for twelve months preceding the filing of her petition. Accordingly, on August 12, 1994, the Secretary notified Conte that she was ineligible to hold the office of State Representative under section 1–4–802(1)(g), 1B

---

**3.** The number of required signatures on the petition varies with the type of office sought. *See* § 1–4–802(1)(c), 1B C.R.S. (1994 Supp.). In this case, it is undisputed that Conte satisfactorily complied with this statutory requirement.

**4.** The 1994 primary was on August 9, 1994, so the preceding Tuesday, August 2, 1994, was the filing deadline for petitions.

C.R.S. (1994 Supp.), and that her name would not appear on the November ballot.

Conte challenged the Secretary's decision in federal district court, seeking to have her name returned to the November 1994 ballot. On September 7, 1994, the federal court denied Conte's request for relief, stating that she had an adequate remedy in state court under section 1–1–113, 1B C.R.S. (1994 Supp.). Conte then filed suit in Denver District Court, seeking declaratory and injunctive relief. In its judgment, the trial court sympathized with Conte, but held that the statutory language of section 1–4–802(1)(g) was unambiguous, evidencing a legislative intent requiring independent candidates to be registered as independent for twelve months before filing of the petition. The trial court also rejected Conte's argument that she had a statutory right to cure defects in the petition. Her estoppel argument was similarly rejected. Conte appealed the judgment to this court pursuant to section 1–1–113(3), 1B C.R.S. (1994 Supp.).

## II.

Conte raised three issues in her appeal: (1) whether she was an eligible candidate under the statute; (2) whether the Secretary deprived Conte of the right to "cure" her deficient petition; and (3) whether the Secretary was estopped, because of her actions, from withholding Conte's name from the ballot. The majority addresses only one of these arguments. Maj. op. at 965.

The majority holds that Conte's petition was "continuously filed," for the purposes of the statute, through August 2, 1994. In other words, the majority holds that Conte's filing was "close enough," despite the unambiguous statutory language *barring* Conte from appearing on the ballot if she filed her petition when she had been registered as an unaffiliated elector for less than twelve months.

In my judgment, this statute is clear and unambiguous. Section 1–4–802(1)(g) frames

the twelve-month affiliation requirement as an imperative:

> No person *shall* be placed in nomination by petition ... unless the person was registered as unaffiliated ... *for at least twelve months prior to the date of filing of the petition.*

*See Sargent Sch. Dist. No. RE–33J v. Western Servs., Inc.,* 751 P.2d 56, 60 (Colo.1988) ("Where the word 'shall' is used in a statute, it is presumed to be mandatory.").[5]

From this language, the majority states that the legislature intended only that the candidate be registered as unaffiliated for twelve months *"prior to the last date upon which applications must be filed."* Maj. op. at 965 (emphasis added). The majority holds that the legislative intent of the statute is "clear," yet goes on to construe the statute contrary to its plain language.

In my opinion, it is inappropriate to engage in statutory construction when, as here, the meaning of the statute is patently clear. *East Lakewood Sanitation Dist. v. District Court,* 842 P.2d 233, 235 (Colo.1992) (holding that, when statutory language is unambiguous, it can be presumed that the legislature intended what it said); *Husson v. Meeker,* 812 P.2d 731, 732 (Colo.App.1991) ("A statute free from ambiguity leaves no room for interpretation or construction."). The majority "construes" the twelve-month registration requirement out of the statute, rather than enforcing the statute as written.

The mandatory language of the statute as it pertains to political affiliation is supported by our decision in *Ray v. Mickelson,* 196 Colo. 325, 327–28, 584 P.2d 1215, 1217 (1978). In *Ray,* the Democratic County Assembly designated two primary candidates for the office of Sheriff of Larimer County: Ray and Mickelson. After Ray won the primary election, Mickelson discovered that Ray had not met the statutory requirements for his eligibility as a designated candidate. Section 1–14–204(4), 1B C.R.S. (1973), provided:

> No person *shall be eligible for designation by assembly as a candidate* for nomi-

---

5. *See also* § 1–4–501(1), 1B C.R.S. (1994 Supp.), which provides as follows:

   No person is eligible to be a designee or candidate for office unless that person *fully meets*

   the qualifications of that office as stated in the ... statutes of this state....

nation at any primary election *unless such person has been affiliated with the political party holding the assembly for a period of at least twelve months immediately preceding the date of the assembly* . . . . [6]

Mickelson filed a complaint in district court alleging that Ray had not been a registered Democrat for twelve months preceding the date of the assembly, and that Ray was therefore ineligible to be the Democratic candidate in the general election. The district court agreed with Mickelson, and Ray appealed.

On appeal, we held that Ray was ineligible to be designated the Democratic primary candidate and ineligible to participate in the general election, solely because he had not been a registered Democrat for twelve months preceding the date of the assembly. *Ray*, 196 Colo. at 327–28, 584 P.2d at 1217. We therefore affirmed the district court's finding that there was a vacancy in the Democratic party designation for the office of sheriff, *even though Ray had already been selected as a candidate by the voters*. We reasoned as follows:

> Section 1–14–204(4) makes it clear that unless the person choosing to be a candidate has been registered as a member of the political party he seeks to represent [for twelve months], he may not be designated as a party candidate by the assembly. *It follows that he may not be the party candidate, even though he may have been mistakenly designated by the county assembly as a primary nominee and even*

> *though he may have been selected by the voters at the primary election to be the party candidate.*

*Id.* (emphasis added).

The statutory language at issue here is as clear as it was in *Ray*. Likewise, Conte is ineligible under section 1–4–802(1)(g) to be placed on the ballot.

Furthermore, the twelve-month registration requirement is not a mere technicality, but serves an important state purpose. When this same disaffiliation requirement was challenged on constitutional grounds, we said that it serves our state's *"compelling* interest in 'maintaining the integrity' of its ballot access system," and held that the statute was constitutional. *Colorado Libertarian Party v. Secretary of State*, 817 P.2d 998, 1004 (Colo.1991) (emphasis added), *cert. denied*, —— U.S. ——, 112 S.Ct. 1670, 118 L.Ed.2d 390 (1992); [7] *see also Thournir v. Meyer*, 708 F.Supp. 1183 (D.Colo.1989) (upholding the constitutionality of the same statute), *aff'd*, 909 F.2d 408 (10th Cir.1990). By failing to adhere to the plain language of the statute, the majority effectively side-steps the compelling interest in maintaining the integrity of our ballot access system that the statute was designed to protect.[8]

Finally, the majority infers that the office of the Secretary somehow prevented Conte from attempting a "cure" of her deficient petition, by notifying Conte of the deficiency after the filing deadline.[9] However, there is no statutory provision allowing candidates to cure petitions which fail to meet the affilia-

---

6. This section was later repealed, effective January 1, 1981. Act approved Feb. 21, 1980, ch. 43, sec. 38, 1980 Colo.Sess.Laws 293, 418.

7. *Colorado Libertarian Party* was decided under § 1–4–801(1)(i), 1B C.R.S. (1973), prior to the 1992 revision of the Uniform Election Code. That section is substantively identical to the revised statute, now found at § 1–4–802(1)(g), 1B C.R.S. (1994 Supp.). Act approved June 2, 1992, ch. 118, sec. 7, 1992 Colo.Sess.Laws 624, 684, 686.

8. In *Colorado Libertarian Party*, 817 P.2d 998, 1003 (Colo.1991), we quoted *Storer v. Brown*, 415 U.S. 724, 735, 94 S.Ct. 1274, 1281–82, 39 L.Ed.2d 714 (1974), with approval:

> [The disaffiliation statute] protects the direct primary process by refusing to recognize inde-

pendent candidates who do not make early plans to leave a party and take the alternative course to the ballot. It works against independent candidacies prompted by short-range political goals, pique, or personal quarrel. It is also a substantial barrier to a party fielding an "independent" candidate to capture and bleed off votes in the general election that might well go to another party.

9. Section 1–4–912(1), 1B C.R.S. (1994 Supp.), allows a candidate to amend a petition for nomination as an independent candidate. The relevant portion of that statute reads as follows:

> In case a petition for nominating independent candidates is not sufficient, it may be *amended* once at any time prior to 3 p.m. on the Tuesday preceding a primary election. . . .
> (Emphasis added.)

tion requirement of section 1–4–802(1)(g). Furthermore, nothing in the statute requires the Secretary to provide candidates with adequate time to cure a deficient petition.

Conte shoulders the ultimate responsibility for seeing that her petition is statutorily sufficient, particularly since the statute's requirement is so plain. While I am not unmindful of the unfortunate string of events leading to the Secretary's refusal to place Conte's name on the ballot, I nonetheless agree with the district court that the require-ment of section 1–4–802(1)(g) is a prerequisite to an independent candidate's nomination. Accordingly, I dissent.

I am authorized to say that SCOTT, J., joins in this dissent.