Jane MIRANDETTE and Alan Cunningham, Plaintiffs–Appellants,

v.

Russell S. PUGH, Hearing Officer, Defendant–Appellee.

No. 96CA1051.

Colorado Court of Appeals, Div. IV.

Feb. 6, 1997.

Hayes, Phillips & Maloney, P.C., Herbert C. Phillips, Denver, for Plaintiffs–Appellants.

Senter Goldfarb & Rice, L.L.C., Steven J. Dawes, Peter H. Doherty, Denver, for Defendant–Appellee.

Opinion by Judge HUME.

Plaintiffs, Jane Mirandette and Alan Cunningham, appeal the district court's judgment affirming the decision issued by defendant, Russell S. Pugh, which determined the sufficiency of petitions that demanded a recall election of Alan Cunningham. We affirm.

Petitions seeking an election to recall plaintiff Cunningham as a city councilman were filed with the city clerk who issued a written certification of their sufficiency. Plaintiffs filed a timely written protest challenging that certification, and defendant was appointed as the hearing officer to review it. Following a hearing, he determined that the petitions were sufficient to demand a recall election. After review pursuant to C.R.C.P. 106(a)(4), the district court affirmed the hearing officer's decision.

Plaintiffs contend that the district court abused its discretion in upholding the hearing officer's determination that the recall petitions were sufficient. Their sole argument on appeal is that § 31–4–502(1)(a)(II), C.R.S. (1996 Cum.Supp.), requires specific warning language to be printed at the top of every page, including the cover page that precedes the signature pages of each petition. We disagree.

An appellate court is in the same position as a district court when reviewing an administrative decision under C.R.C.P. 106. *City of Colorado Springs v. Givan,* 897 P.2d 753 (Colo.1995). The scope of review is strictly limited to a determination whether there exists adequate record support for a hearing officer's decision. Unless such decision is so lacking in evidentiary support that it can only be explained as an abuse of discretion, it will be upheld. *Cruzen v. Career Service Board,* 899 P.2d 373 (Colo.App.1995).

The right of recall is a fundamental right of the People. Statutes governing this right are to be liberally construed in favor of exercising such right, and any limitations on this power must be strictly construed. *Hazelwood v. Saul,* 619 P.2d 499 (Colo.1980).

In interpreting a statutory provision, a reviewing court has the responsibility to give full meaning to the legislative intent.

*Conte v. Meyer,* 882 P.2d 962 (Colo.1994). To do so, the court first looks at the language of the statute and gives the words and phrases their commonly accepted and understood meaning. If the language is clear, there is no need to resort to other rules of statutory construction. *PDM Molding, Inc. v. Stanberg,* 898 P.2d 542 (Colo.1995).

■ According to § 31–4–502(1)(a)(II), the provision at issue here: "[T]he signatures to a recall petition need not all be on one sheet of paper. At the top of each page shall be printed, in bold-faced type, the following [warning]...."

Here, the hearing officer determined that the first sentence of the provision in question directly referred to the signatures in a recall petition and that the next sentence of the same provision provided specific language related to those signature pages. He then determined that the statutory language referring to "each page" must rationally relate back to the initial reference to the signature pages of a petition. We agree with this reasoning.

The plain meaning of this provision is that the warning language must be printed at the top of each page upon which a person might sign his or her name. The record supports the determination that these petitions contained the required warnings in the location contemplated by the statute, and thus, we conclude that the district court did not err in affirming the hearing officer's decision.

The judgment is affirmed.

BRIGGS and KAPELKE, JJ., concur.